**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

October 28, 1997


**TO:**   ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:**   96-1426 Taylor v. Jaquez
Filed October 10, 1997 by The Honorable John C. Porfilio


Please be advised of the following correction to the captioned decision:

The following attorneys were erroneously omitted as counsel for the Defendant-Appellees: William F. Schoeberlein, Otten, Johnson, Robinson, Neff & Ragonetti, Denver, CO; Robert M. Maes, Denver, CO; Rebecca A. Fischer, Sherman & Howard, Denver, CO; David Martinez, Denver, CO; and Elisabeth Arenales, Denver, CO.

Please make the appropriate correction to your copy.

Very truly yours,

Patrick Fisher, Clerk



Beth Morris
Deputy Clerk

**F I L E D**
United States Court of Appeals
Tenth Circuit

OCT 10 1997

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ZACHARY TAYLOR, as Executor of the
Estate of Jack T. Taylor, Jr., deceased;
TAYLOR FAMILY PARTNERSHIP,

       Plaintiffs-Appellants,

v.

CHARLIE JAQUEZ, JR.; PETE E.
ESPINOZA, ELMER MANUEL
ESPINOZA, JOE A. GALLEGOS,
ROBERT ROMERO, Individually and as
representatives of a proposed class of
some 110 plaintiffs in civil action No.
81CV5 now pending in the District Court
of Costilla County, Colorado,

       Defendants-Appellees.

No. 96-1426

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 96-Z-776)**

---

Albert B. Wolf, Wolf & Slatkin, P.C., Denver, CO, for Plaintiffs-Appellants.

Jerry P. Gordon, Esq. (Jeffrey A. Goldstein, Esq., Denver, CO, and Watson W. Galleher,
Esq., Don, Hiller & Galleher, PC, Denver, CO, with him on the briefs), Boulder, CO, for
Defendants-Appellees.

---

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

This appeal presents the question of whether the United States District Court of the District of Colorado properly abstained from enforcing a judgment entered in a federal quiet title action because of pending state court litigation over the rights of individuals challenging appellants' interest in the land. We conclude these circumstances require abstention by federal courts and affirm the judgment of dismissal.

## I. BACKGROUND

In the beginning, the 77,524 acre Taylor Ranch was part of an 1844 grant of a million acres of land bestowed by the Mexican governor of New Mexico upon Narcisco Beaubien and Stephen Luis Lee.[1] After the grantees' deaths, much of the land in the Sangre de Cristo Grant, particularly parcels in an area designated the Rito Seco, were conveyed, although the land at issue here, "La Sierra," the Mountain Tract, was not sold until 1960 when Jack Taylor, a resident of North Carolina, purchased it. Located southwest of the town of San Luis in Costilla County, Colorado, the tract contains the only privately owned 14,000 foot mountain in the state. Mr. Taylor's deed to La Sierra recognized all existing rights-of-way and was "also subject to claims of the local people by prescription or otherwise to right to pasture, wood, and lumber and so-called

---

[1]A more comprehensive history is detailed in *Rael v. Taylor*, 876 P.2d 1210 (Colo. 1994).

settlements [sic] rights in, to and upon said land, but not subject to rights granted by the party of the first part or its predecessors from and after January 1, 1900...." ***Rael v. Taylor***, 876 P.2d 1210, 1214 (Colo. 1994) (***Rael***).  The representation and substance of the "claims of the local people" dating back to the original grant impel the litigation presently pending in the state district court of Costilla County albeit the federal court's order quieting title granted to Jack Taylor in his 1960 Torrens Title Registration diversity action.  ***Sanchez v. Taylor***, 377 F.2d 733 (10th Cir. 1967) (***Taylor I***).

To preserve that judgment, Zachary Taylor, as Executor of the Estate of Jack C. Taylor, and the Taylor Family Partnership (Taylor, collectively) filed the present action, ***Taylor II***, under 28 U.S.C. § 2283 in the United States District Court for the district of Colorado to enjoin the 110 plaintiffs in the Costilla County lawsuit from attacking the validity of the Final Decree of Confirmation of Title and Registration entered in 1965 (the Decree).  The Decree had become imperiled by a 1994 Colorado Supreme Court decision which construed the notice requirements of the Colorado Torrens Title Act and concluded, as a matter of state law, the 1960 federal action may not have provided constitutionally adequate publication notice sufficient to constitute a binding judgment on those not served.  The Colorado Supreme Court  thus reversed a state court order dismissing the case on res judicata grounds and remanded for resolution of the factual issues surrounding plaintiffs' due process claims.  ***Rael***, 876 P.2d at 1227.  Taylor did not seek further review of that decision, and it now stands as the law of the case.

As such, defendants here, as individuals and class representatives of "some 110 Plaintiffs in Civil Action No. 81CV5 now pending in the District Court of Costilla County, Colorado," moved to dismiss *Taylor II* under Fed. R. Civ. P. 12(b)(6) on the grounds that *Younger* abstention, **Younger v. Harris**, 401 U.S. 37 (1971), application of the principles of **Parsons Steel, Inc. v. First Alabama Bank**, 474 U.S. 518 (1986), and the sound policies underlying the Anti-Injunction Act compel a federal court to avoid interfering with pending state proceedings.

At the close of a hearing, the district court ruled from the bench after converting the motion to dismiss into one for summary judgment under Fed. R. Civ. P. 56(c) because matters outside the pleadings had been presented. The court agreed two of the requisites for *Younger* abstention were present, the parties having conceded there are ongoing state proceedings and Taylor has an opportunity to raise his federal claims in that forum. It further concluded, as a matter of law, important state interests involving the access to the courts for state citizens, the interpretation of the notification provisions of the Colorado Torrens Act, the state's interest in access to lands, and citizens' access to state lands precluded it from adjudicating the claim before it. In addition, the court held **Rael** explicitly determined the preclusive effect of the state judgment, and on that basis, the principles of federalism and comity articulated in **Parsons Steel, Inc.** demanded non-interference. Summary judgment of dismissal was entered, and Taylor appealed.

- 4 -

## II. STANDARD OF REVIEW

Although what the district court did amounts to denying a preliminary injunction, an order we review for abuse of discretion, **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980), more precisely, we have before us a motion for dismissal under Fed. R. Civ. P. 56(c) which is predicated on *Younger* abstention. We have not previously addressed the applicable standard of review[2] although other circuits have and provide guidance. Recognizing the elusiveness of the standard often applied to review *Younger* abstention, the Seventh Circuit observed because "application of the *Younger* doctrine is absolute ... when a case meets the *Younger* criteria," there is no discretion for the district court to exercise. **Trust & Inv. Advisers, Inc. v. Hogsett**, 43 F.3d 290, 294 (7th Cir. 1994). Review, therefore, of the decision to abstain is *de novo,* the Seventh Circuit held. We agree. Although positioned on the tip of Rule 56(c) which also merits plenary review, that examination is sharpened by the legal determination of whether the requisites of *Younger* abstention have been satisfied. *See also* **Brooks v. New Hampshire Supreme Court**, 80 F.3d 633, 637 (1st Cir. 1996); **Kenneally v. Lungren**, 967 F.2d 329, 331 (9th Cir. 1992), *cert. denied*, 506 U.S. 1054 (1993); **Traughber v. Beauchane**, 760 F.2d 673,

---

[2]In **Ramos v. Lamm**, 639 F.2d 559, 564 n.4 (10th Cir. 1980), the court described the decision to abstain as "largely committed to the discretion of the district court," in concluding "there was no error or abuse of discretion by the district court in declining to abstain from hearing this constitutional case ...." **Id.** at 565. We thus affirmed the exercise of jurisdiction based on the final judgment for injunctive relief the district court had entered under Fed. R. Civ. P. 54(b).

675-76 (6th Cir. 1985). To insure they have, we must be sensitive to the competing tension between protecting federal jurisdiction and honoring principles of Our Federalism and comity. Our review therefore is *de novo*.

### III. *YOUNGER* ABSTENTION

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." ***Younger v. Harris***, 401 U.S. 37, 43 (1971). To assure this end, *Younger* articulated a narrow exception now applied to state criminal, ***Younger***, 401 U.S. at 37; civil, ***New Orleans Public Serv., Inc. v. Council of City of New Orleans,*** 491 U.S. 350 (1989); or administrative proceedings, ***Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.***, 477 U.S. 619 (1986), which commands a federal court to abstain from exercising jurisdiction when three conditions have been established. First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. ***Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson***, 874 F.2d 709, 711 (10th Cir. 1989). In this case, the parties agree the first two requisites are present. However, the absence of the third element of an important

state interest presented, Taylor contends, requires the district court to exercise jurisdiction and grant injunctive relief.

Taylor portrays the state proceeding as one involving "only claims of private individuals to engage in activities upon the privately-owned land of the Taylor Family." Based on this characterization, Taylor urges state citizens' access to the courts, resolution of property claims, and access to land are not cognizable for *Younger* abstention and would render meaningless the relitigation exception to the Anti-Injunction Act. 28 U.S.C. § 2283. Instead, Taylor maintains, we should enforce the thirty-two year old judgment quieting title based on application of ***Mullane v. Central Hanover Bank & Trust Co.,*** 339 U.S. 306 (1950), which ascertained that constitutionally sufficient notice was afforded all interested parties.

Nonetheless, it is critical to recognize the prior federal action was premised on diversity jurisdiction in which Jack Taylor, a resident of North Carolina, notified citizens residing around his property in southern Colorado of his intention to register his title to the 77,524 acre tract in compliance with the statutory scheme set out in Colorado's Torrens Title Registration Act, now codified at Colo. Rev. Stat. §§ 38-36-101 through 38-36-198 (1982 & 1993 Supp.). The federal court applied state law in that action and principally focussed on whether the alleged prescriptive rights of defendants vested any legal rights in them adverse to establishing Taylor's clear title. In that decision, the court made only passing reference to the question of notice, indicating the number of residents

served and the defendants against whom default judgments were entered for failure to respond to interrogatories. *Taylor I*, 377 F.2d at 734. However, since that decision, the Colorado Supreme Court has comprehensively addressed the Torrens Act's notice requirements and ordered the state trial court to apply its announced prescription in proceedings the Supreme Court held were improperly dismissed. *Rael*, 876 P.2d at 1210. As the federal district court noted here, what more important state interest is there for the state court to address than the enforcement of its method of registering good title to privately owned lands within the state. That individual citizens may raise these issues does not transform the state interest into a private one. As the Court observed in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987), "the importance to the States of enforcing the orders and judgments of their courts" represents an important state interest in administering certain aspects of their judicial systems. Under these circumstances, to ignore the pronouncement of the Colorado Supreme Court by enjoining the very proceeding it reinstated to determine whether state law was properly followed would intolerably interfere with the judgments of state courts.

Moreover, contrary to Taylor's suggestion, the state court is surely competent to decide whether the notice requirements of the Torrens Act were satisfied as to those plaintiffs presently challenging the prior action. Indeed, *Rael* demands the federal plaintiffs receive a full and fair opportunity to litigate the constitutional claim of due process.

## III. CONCLUSION

Our conclusion that *Younger* abstention applies ends the matter. It was unnecessary for the district court to couch dismissal on the additional ground of the preclusive effect of the state court judgment. When equitable restraint is warranted, we defer to the state proceeding. We therefore **AFFIRM** the order dismissing the action based on *Younger* abstention.