**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID M. ZAHARIA,

      Plaintiff-Appellant,

v.

THE HONORABLE CHRISTOPHER
CROSS; THE COURTS OF
COLORADO'S EIGHTEENTH
JUDICIAL DISTRICT; JAMES
PETERS, District Attorney for
Colorado's Eighteenth Judicial
District; STATE OF COLORADO,

      Defendants-Appellees.

No. 99-1515
(D.C. No. 99-Z-1342)
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

is therefore ordered submitted without oral argument.

Plaintiff David M. Zaharia appeals from the district court's order dismissing this action on the grounds of abstention. We affirm.

Mr. Zaharia was charged in county court with theft over $500.00 and unlawful use of a financial transaction device. A restraining order was issued which included the prohibition that he not possess weapons during the pendency of his case. Mr. Zaharia is a professional chef and objected to the order as "many of the tools of his trade may, in fact, be viewed as weapons." App. at 48. The court explained that he could not possess any item "in the manner in which it's used as a weapon," but could use tools as required in his profession. Id.

Mr. Zaharia thereafter commenced this action in federal district court pursuant to 42 U.S.C. § 1983 asking the court to enjoin enforcement of the order. Mr. Zaharia alleged he had been unconstitutionally denied his right to liberty as the restraining order was entered without notice and an opportunity to be heard and without a determination of probable cause, thus violating his rights under the Fourth, Fifth, and Fourteenth Amendments. He also alleged he was denied due process as the order was issued as a result of ex parte communication between the prosecution and the court. The district court granted defendants' motion to dismiss on the basis that it was required to abstain under the principles announced in Younger v. Harris, 401 U.S. 37 (1971).

On appeal, Mr. Zaharia argues that Gerstein v. Pugh, 420 U.S. 103 (1975), makes Younger inapplicable. He also contends that no enforcement of the restraining order is necessary before a case or controversy exists. [1]

We review the district court's decision to abstain de novo. See Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997).

A federal court may not stay or enjoin pending state court proceedings except in unusual circumstances going beyond the possible unconstitutionality of a statute. See Younger, 401 U.S. at 41, 54. Younger does not apply where the injunction sought is "not directed at the state prosecutions . . . , but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." Gerstein, 420 U.S. at 108, n.9; see also Juidice v. Vail, 430 U.S. 327, 336-37 (1977) (Gerstein teaches that abstention is proper where federal plaintiff has opportunity to press claims in state courts); Amanatullah v. Colorado Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999) ("Younger abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief . . . when such relief could adequately be sought before the state court.") (quotation omitted).

---

[1] Because we resolve this issue on abstention grounds, we do not address Mr. Zaharia's second argument. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999) (noting "courts do not overstep Article III limits when they . . . abstain under Younger [], without deciding whether the parties present a case or controversy").

-3-

Federal courts must abstain from exercising jurisdiction when the following three conditions are met: (1) there is an ongoing state judicial proceeding, (2) the state court provides an adequate forum to hear the claims plaintiff raised in the federal case, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." Taylor , 126 F.3d at 1297. "Younger abstention is not discretionary once the above conditions are met absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." J.B. ex rel. Hart v. Valdez , 186 F.3d 1280, 1291 (10th Cir. 1999) (quotation omitted) .

Here, the state criminal proceeding is ongoing. Mr. Zaharia has a state remedy as he may apply "to the court at any time for modification or dismissal of the restraining order . . . ." Colo. Rev. Stat. § 18-1-1001(3). Indeed, the county court clarified the order at the hearing in which Mr. Zaharia was informed of its terms. Mr. Zaharia may raise his constitutional claims when challenging the order. Cf. People v. Brockelman , 862 P.2d 1040, 1041 (Colo. Ct. App. 1993) (hearing constitutional challenge to restraining order on appeal from conviction of violation). M r. Zaharia admitted at the hearing that he could appeal the county court's order and stated he would raise his constitutional issues before the state district court. See App. at 50. He does not assert that he cannot pursue further

appeals from that order.   Cf. Pompey v. Broward County  , 95 F.3d 1543, 1551 (11th Cir. 1996) (noting that plaintiffs were not procedurally prevented from appealing adverse holdings through the state court system "and, ultimately, to the United States Supreme Court").

The state proceedings clearly involve important state interests.  The restraining order was issued in accordance with state law and served the integrity of the state's criminal proceedings and public safety.      [2]

As Mr. Zaharia has a forum in state court in which he may both challenge the restraining order and raise his constitutional claims, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2]     Further, generally states should have the first opportunity to address constitutional issues.   Cf. Coleman v. Thompson  , 501 U.S. 722, 731 (1991) (alleged violation of state prisoner's federal rights should first be considered by state); Michigan v. Lucas  , 500 U.S. 145, 153 (1991) (remand from Supreme Court to permit state to address in first instance whether defendant's constitutional rights were violated);   Miranda v. Cooper  , 967 F.2d 392, 398-99 (10th Cir. 1992) (state courts should be given first opportunity to address federal claims as they "will enforce the federal constitution as fully and fairly as a federal court.") (quotation omitted).