**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD J. HAAS,

　　　　Plaintiff–Appellant,

v.

THE STATE OF COLORADO; THE
COLORADO DEPARTMENT OF
CORRECTIONS; THE OFFICE OF
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO; THE
SUPREME COURT OF THE STATE
OF COLORADO; HONORABLE
WILLIAM LUCERO, in his capacity
as presiding disciplinary judge for the
Supreme Court of the State of
Colorado; FRED HAINES,
individually and in his capacity as an
attorney in the Office of the Attorney
General of the State of Colorado;
CATHERINE "KIT" SULLIVAN,
individually and in her capacity as an
attorney in the Office of the Attorney
General of the State of Colorado;
JOHN DOES, I-X, AND JANE DOES,
I-X, individually and in their
capacities as officials of the State of
Colorado who engaged in specific acts
intended to violate plaintiff's civil
rights,

　　　　Defendants–Appellees.

No. 10-1018
(D.C. No. 10-CV-00018-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

After examining Plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The Plaintiff in this case was charged with engaging in the unauthorized practice of law in the state of Colorado after he provided legal assistance to a *pro se* prisoner litigant in a civil rights complaint. In response to these charges, Plaintiff, acting *pro se*, brought his own civil rights complaint against various Colorado officials under 42 U.S.C. § 1983 and also filed for a temporary restraining order to enjoin the ongoing state proceedings. Upon consideration of the case, the district court first denied Plaintiff's request for a temporary restraining order, concluding that Plaintiff had not made the required showing of "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b). The court then dismissed Plaintiff's complaint without prejudice based on the *Younger*

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

abstention doctrine. Specifically, the court determined the state court's enforcement of its attorney professional conduct rules involved an "important state interest," and Plaintiff had not shown that the ongoing state proceedings did not provide an "adequate forum" to present his claims and defenses. *See Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

After a careful review of both Plaintiff's brief and the record on appeal, we conclude the district court did not abuse its discretion in denying Plaintiff's request for a preliminary injunction, *see Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1262 (10th Cir. 2005), nor did the court err in abstaining from exercising its jurisdiction, *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009). Thus, for substantially the same reasons set forth in the district court's order, we **AFFIRM**. We do, however, **GRANT** Plaintiff's motion to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge