FILED
United States Court of Appeals
Tenth Circuit

May 5, 2015

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

DAVID LEWIS TUCKER,

      Petitioner – Appellant,

v.

ROGER REEVE, Washita County Sheriff,

      Respondent – Appellee.

No. 14-6213
(D.C. No. 5:14-CV-00971-R)
(W.D. Okla.)

_____

## ORDER DENYING COA[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

     Petitioner David Lewis Tucker, a state detainee proceeding pro se, filed a 28 U.S.C. § 2241 action in district court to challenge his pretrial detention in Washita County Jail, Oklahoma, where he awaits trial for burglary. He alleges state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and prosecution. Petitioner asked the district court to sanction the district attorney assigned to his case for malicious prosecution, and to order the dismissal of his case and his immediate release. The district court denied Petitioner's request, and Petitioner sought a certificate of appealability to appeal the district court's decision.

---

     [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court, in denying Petitioner's claims, cited the *Younger* abstention doctrine, which "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, federal courts consider whether: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests. *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). The district court found each of Petitioner's claims could be adequately heard in the ongoing state case and the state of Oklahoma has an important interest in prosecuting criminal cases without interference from federal courts. The district court further found Petitioner met none of the narrow exceptions to the *Younger* abstention doctrine. *See Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995).

After carefully reviewing Petitioner's filings and the record on appeal, we find the district court's detailed application of the *Younger* abstention doctrine to Petitioner's case to be compelling. We therefore conclude that reasonable jurists would not debate whether the district court erred in its decision to deny Petitioner's 28 U.S.C. § 2241 action. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We

accordingly **DENY** Petitioner's request for a COA and **DISMISS** his appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge