FILED
United States Court of Appeals
Tenth Circuit

October 4, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RANDY HAHN,

     Plaintiff - Appellant,

v.

SEAN D. REYES; RYAN HARRIS; KIM
M. LUHN; LIESA STOCKDALE,

     Defendants - Appellees.

No. 17-4067
(D.C. No. 2:16-CV-00666-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

The district court abstained from exercising jurisdiction under _Younger v._

_Harris_, 401 U.S. 37 (1971), and dismissed Randy Hahn's case.[1] Exercising

jurisdiction under 28 U.S.C. 1291, we affirm.

In his complaint, Mr. Hahn alleged civil rights violations under 42 U.S.C.

§§ 1983 and 1985 against the State of Utah, its attorney general, a state district judge,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] The district court also cited the "domestic relations exception" to federal
jurisdiction. _See Ankenbrandt v. Richards_, 504 U.S. 689, 703 (1992).

a state court commissioner, and the director of the state office of recovery services. The alleged violations concern an ongoing domestic dispute between Mr. Hahn and his ex-spouse and Utah state court orders modifying a New Mexico divorce decree regarding parent time, child custody and child support. Mr. Hahn's appeal of those orders to the Utah Court of Appeals is pending.

The *Younger* abstention doctrine generally prohibits federal courts from interfering with ongoing state proceedings. *See Younger*, 401 U.S. at 53-54. The district court dismissed based on its finding that the three conditions for *Younger* abstention had been met: (1) an ongoing civil proceeding, (2) an adequate state forum to raise his constitutional claims, and (3) state proceedings involving important state interests. *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

In his appellate brief, Mr. Hahn devotes one page to the abstention issue and does not challenge that the three *Younger* conditions have been met. He argues only that "*Younger* abstention does not apply when the state 'flagrantly and patently' violates a constitutional right." Aplt. Br. at 4 (citing *Younger*, 401 U.S. at 53-54). But his arguments are conclusory, inadequately briefed, and otherwise lack merit.

In his brief, Mr. Hahn points to no Utah statute or particular state court ruling as the basis for his claims. The only case he cites is *Mathews v. Eldridge*, 424 U.S. 319 (1976), which stated a balancing test for the process due to protect a property or liberty interest, but he fails to explain how it applies to his case. In short, he raises no viable

2

argument to challenge the district court's ruling. The district court correctly abstained under *Younger*.

We affirm the district court's judgment.[2]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] We deny as moot Mr. Hahn's motion to certify a question of state law to the Utah Supreme Court. *See Trout Unlimited v. U.S. Dep't of Agric.*, 441 F.3d 1214, 1220 (10th Cir. 2006).