FILED
United States Court of Appeals
Tenth Circuit

February 9, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

WALTER HAROLD MARTIN-EL, a/k/a
Walter Harold Martin,

Plaintiff - Appellant,

v.

BO A. ZEERIP; DANIEL P.
RUBINSTEIN; BRANDON LUDWIG;
JULIE STOGSDILL; MEGHAN
WOODLAND; KATHERINE
STEWART; KEVIN IMBRIACO,

Defendants - Appellees.

No. 17-1293
(D.C. No. 1:17-CV-00488-LTB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this appeal.

*See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is therefore ordered submitted

without oral argument.

Plaintiff Walter Harold Martin-El, a state prisoner proceeding pro se, filed this 42 U.S.C.

§ 1983 complaint to challenge the means through which certain evidence giving rise to state

---

[*]    This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

criminal charges was obtained—namely, a recording taken by Plaintiff's spouse involving Plaintiff and child pornography. Plaintiff alleged that the recording violated 1) Title III of the Omnibus Crime Control and Safe Streets Act (specifically, the Federal Wiretap Act, 18 U.S.C. §§ 2510-2520); 2) 18 U.S.C. § 242; and 3) the Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments. Plaintiff sought money damages and a declaratory judgment that his constitutional rights were violated. After instructing Plaintiff to submit several clarifying filings, including an Amended Prisoner Complaint, the district court dismissed Plaintiff's action without prejudice for lack of jurisdiction under the *Younger* abstention doctrine. This appeal followed.

On appeal, Plaintiff argues that the district court erred in holding that it lacked jurisdiction to hear his claims and asserts that "the State's charges which were directly related to this claim have been dismissed." (Plaintiff's Br. at 6.) Plaintiff does not cite any factual evidence or documentation to support this position. Indeed, a search of the Colorado Judicial Branch website shows that Plaintiff's criminal jury trial in related state case number D392016CR5009 is currently scheduled for April 18, 2018.

Thus, we agree with the district court that federal court jurisdiction is not proper under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is a jurisdictional determination, appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

2

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). If these requirements are met and no exceptions to *Younger* apply, a federal court must abstain from hearing a case. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

As the district court correctly determined, these three conditions are readily satisfied in this instance. First, Plaintiff is subject to an ongoing state criminal proceeding. Second, Plaintiff has failed to show why the state criminal case would not be an adequate forum to hear his constitutional challenges to the evidence that he alleges was illegally obtained. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *see also Younger*, 401 U.S. at 43-44. Third, Colorado has an important interest in the administration of its criminal laws. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987). Lastly, Plaintiff has failed to carry his burden of demonstrating either bad faith prosecution on the part of the state or extraordinary circumstances in which the state court proceeding will cause him immediate irreparable injury. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) ("[A petitioner] may overcome the presumption of abstention in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." (internal quotation marks omitted)). Thus, federal court jurisdiction is not appropriate in the instant action.

For the foregoing reasons, and for substantially the same reasons given by the district court, we **AFFIRM** the dismissal of this case without prejudice. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal but remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

4