**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND G. CHAPMAN,
individually, and on behalf of all
persons similarly situated,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA; W.A.
DREW EDMONDSON, Attorney
General; BRAD HENRY, Governor;
JOSEPH M. WATT, Chief Justice,
Oklahoma Supreme Court,

      Defendants-Appellees.

No. 06-5064

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 04-CV-722-CVE-PJC)**

---

Submitted on the briefs:[*]

Raymond G. Chapman, Pro Se.

Gregory Thomas Metcalfe, Assistant Attorney General, Oklahoma Attorney
General's Office, Oklahoma City, Oklahoma, for Defendants-Appellees.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

Plaintiff Raymond G. Chapman appeals from the dismissal of his amended complaint for lack of jurisdiction under the Rooker-Feldman doctrine.[1] We conclude that even though federal jurisdiction is not barred by the Rooker-Feldman doctrine, jurisdiction is barred by the Younger abstention doctrine.[2] We therefore affirm the district court's dismissal but remand for the limited purpose of having that dismissal corrected to be without prejudice.

Mr. Chapman filed suit in federal court attempting to challenge, on behalf of himself and others adjudicated by an Oklahoma state court to be a noncustodial parent, alleged constitutional violations in the family court system of the State of Oklahoma. He sought damages and declaratory and injunctive relief against the State of Oklahoma and the Governor, the Attorney General, and the Chief Justice of the Oklahoma Supreme Court, all in their official capacities only. The district court dismissed the amended complaint, holding that the Rooker-Feldman doctrine barred federal jurisdiction over Mr. Chapman's claims. On

---

[1]     See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[2]     See Younger v. Harris, 401 U.S. 37 (1971).

Mr. Chapman's "Motion to Correct Errors," the district court reconsidered Mr. Chapman's claims in light of the Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), and again reached the same conclusion–that the Rooker-Feldman doctrine barred federal jurisdiction.

On appeal, Mr. Chapman argues that the Rooker-Feldman doctrine is defunct in light of the Supreme Court's recent decision in Lance v. Dennis, 126 S. Ct. 1198 (2006) (per curiam), and that the district court had subject matter jurisdiction over his amended complaint. In their response, defendants concede that the Rooker-Feldman doctrine has been limited and that its application to this case is questionable, but argue that federal jurisdiction is otherwise barred by (1) the Younger abstention doctrine; (2) the domestic relations exception to federal jurisdiction; and (3) the State of Oklahoma's Eleventh Amendment immunity.

We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. Guttman v. Khalsa, 446 F.3d 1027, 1031 (10th Cir. 2006). We conclude that the district court erred by dismissing under Rooker-Feldman. In Exxon Mobil, the Supreme Court made clear that the Rooker-Feldman doctrine has a narrow scope, and that federal jurisdiction is not barred by the Rooker-Feldman doctrine if suit "was filed before the end of the state courts' appeal process." Guttman, 446 F.3d at 1029, 1031-32 (discussing Exxon Mobil, 544 U.S. at 290-91). In Lance, the Supreme Court reemphasized the narrow

contours of the Rooker-Feldman doctrine (but, contrary to Mr. Chapman's contention, did not hold that the doctrine is defunct).  See Lance, 126 S. Ct. at 1200-01.  Mr. Chapman's state court proceedings have not reached the end of the state courts' appeal process, and the district court therefore erred by dismissing his complaint under Rooker-Feldman.

Defendants argue that the Younger abstention doctrine nevertheless obliges the district court to abstain from hearing Mr. Chapman's claims.  Although defendants did not make this argument to the district court, we can consider Younger abstention for the first time on appeal.  Morrow v. Winslow, 94 F.3d 1386, 1390-92 (10th Cir. 1996).

The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under Younger.  Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  These factors ask us to determine whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation omitted).  "Once these three conditions are met,

-4-

Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." Id.

The three Younger conditions are met in this case. First, Mr. Chapman is involved in a state civil proceeding that is ongoing. Second, he has not shown that the state court is not an adequate forum to hear his constitutional challenges to the state family court system. Cf. Crown Point I, LLC, 319 F.3d at 1215 (holding that state court was inadequate forum where state court held that plaintiff was collaterally estopped from raising constitutional challenges); Joseph A. ex. rel Wolfe v. Ingram, 275 F.3d 1253, 1274 (10th Cir. 2002) (holding that Younger abstention cannot be avoided by purported class action as long as individual relief can be provided by state court). Finally, the Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). We conclude that the district court must abstain under Younger from hearing Mr. Chapman's claims.

It is unnecessary to discuss defendants' other arguments.

We AFFIRM the district court's dismissal and REMAND only for the district court to amend its Opinion and Order to reflect that the dismissal is without prejudice and to enter a Rule 58 judgment dismissing the suit without prejudice.

-5-