**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIS SHANE GORDON,

  Petitioner-Appellant,

v.

(FNU) (LNU),

  Respondent-Appellee.

No. 07-3093

(D. of Kan.)

(D.C. No. 07-CV-3032-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Petitioner-Appellant Willis Shane Gordon, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal the District Court's denial of his habeas corpus petition brought under 28 U.S.C. § 2241.[1] Because

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] The district court liberally construed Gordon's filings as a § 2241 petition because Gordon only indirectly challenges the manner in which his sentence has been carried out. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Gordon has failed to make a "substantial showing of the denial of a constitutional right," we deny COA and affirm the District Court's denial of his habeas petition. *See* 28 U.S.C. § 2253(c); *Montez v. McKinna*, 208 F.3d 862, (2000) (applying § 2253(c) to petitions under § 2241).

Gordon argues that Kansas is violating his constitutional rights in a pending action involving custody of his children. He argues that the state has pressured his wife to turn against him in the proceedings and is administering drugs to his children without his consent. He urges the federal court to enjoin the state proceedings and to take his family into federal protective custody to prevent further harm.

Gordon's pleadings do not make clear the current status of the state custody proceedings. Nevertheless, the district court correctly noted that his claims are barred either by the *Rooker-Feldman* doctrine, which prevents federal courts from interfering in state judgments after the state proceedings have ended, *see Mann v. Boatright*, 477 F.3d 1140, 1146 (10th 2007); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), or by the requirements of abstention, which keep us from interfering with pending custody proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."); *see also*

*Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) (applying abstention to state adoption proceedings). We therefore have no jurisdiction to inquire into the constitutionality of the state court proceedings Gordon challenges. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (holding that challenge to state proceeding was barred by *Younger* even if it was not barred by *Rooker-Feldman*).

To the extent Gordon claims his constitutional rights have been violated in the course of his present confinement, Gordon is required to exhaust state remedies before seeking redress in federal courts. *See Montez*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") Gordon makes general claims that he has been threatened by state officials, retaliated against for pursuing legal redress of his grievances, and denied due process and equal protection in the proceedings regarding his children. Gordon does not, however, demonstrate that he has exhausted state remedies for these claims. Nor does he make any attempt to excuse his failure to exhaust. *See, e.g., Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (holding exhaustion requirement inapplicable when requiring exhaustion would be futile).

Gordon urges us to consider that the district court prematurely ruled on his § 2241 petition. He argues that he had insufficient paper to completely state his case and the district court should have waited for his filing to be complete before it denied his petition. The record in this case, however, includes at least thirty-

five handwritten pages in which Gordon repeatedly offers to prove that Kansas officials are guilty of extortion, blackmail, kidnaping, racketeering, bribery, kickbacks and other offenses, but Gordon never begins to explain the factual basis for his complaints. Based on these lengthy letters, Gordon certainly had the opportunity to provide the necessary background for his petition. Without more specific factual detail to support Gordon's allegations, we cannot say he has made a substantial showing of a denial of a constitutional right.

For the reasons stated, we DENY the request for COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge