FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAYMOND G. CHAPMAN, and on
behalf of, and as next friend of his
minor child, KKC,

        Plaintiff-Appellant,

v.

MARK BARCUS; JODI JOHNSON
BAKER; KEVIN GASSAWAY;
ROSEMARIE L. DAMILAO,

        Defendants-Appellees.

No. 09-5085
(D.C. No. 4:08-CV-00497-CVE-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

Raymond G. Chapman, appearing pro se, appeals the district court's denial

of his motion to vacate its order dismissing his case and its order awarding

attorneys' fees to defendants-appellants Jodi Johnson Baker, Kevin Gassaway, and

Rosemary L. Damilao. We reverse and remand.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Chapman's lawsuit originated in an ongoing state-court paternity and custody matter. His theory of the case was that a state judge, the child's mother, and two attorneys representing the mother conspired to deprive him of custody, thus infringing upon his child's and his own civil and constitutional rights. He alleged violations of numerous constitutional provisions and federal statutes, citing the First, Fourth, Fifth, Sixth, Eighth, Fourteenth, and Nineteenth Amendments to the United States Constitution, 18 U.S.C. §§ 241, 242, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000b, 2000b-2. He also made various state-law claims, including negligence, fraud, defamation, intentional infliction of emotional distress, and violations of the Oklahoma Rules of Professional Conduct.

All defendants filed motions to dismiss raising several arguments, including the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The district court declined to reach the *Younger* issue. Instead, it analyzed the merits of Chapman's claims and perceived multiple flaws in all of them. It concluded that the state-court judge was protected from civil liability under the doctrines of absolute judicial immunity, sovereign immunity, and qualified immunity. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (absolute judicial immunity); *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996) (Eleventh Amendment sovereign immunity and qualified immunity). It resolved that the child's mother and her attorneys may not be held liable under 42 U.S.C.

§ 1983 because they are not state actors. *See Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007). Further, the district court concluded Chapman's remaining federal counts were not supported by any coherent or plausible factual allegations. *See Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (stating that a court's inquiry in evaluating a motion to dismiss is "whether the complaint contains enough facts to state a claim to relief that is plausible on its face") (quotation omitted), *cert. denied*, 130 S. Ct. 1142 (2010). As a final matter, the district court declined to exercise supplemental jurisdiction over the state-law claims. *See Nielander v. Bd. of County Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009). The court therefore entered a judgment of dismissal in favor of all defendants.

Upon entry of judgment, the private defendants sought an award of attorneys' fees, asserting that Chapman's civil-rights claims were baseless, frivolous, unreasonable, and brought in bad faith. A magistrate judge held a hearing on the fee applications, at which Chapman failed to appear. Concluding Chapman's complaint was lacking in factual support and legal merit, he recommended awarding fees to the private defendants. After Chapman filed no objection to the magistrate judge's report and recommendation, the district court accepted it as entered and granted defendants' motions for attorneys' fees.

Chapman submitted a motion to vacate. Like the rest of his filings, the motion was rambling, conclusory, and obscure. It may be liberally construed,

-3-

however, as seeking reconsideration of the court's order dismissing all defendants as well as its order awarding attorneys' fees. *See de Silva v. Pitts*, 481 F.3d 1279, 1284 n.4 (10th Cir. 2007) (attempting "to discern the kernel" of a pro se plaintiff's issues even though her filings were "difficult to understand . . . illogically presented, and intellectually unfocused"). Keying on the issue of attorneys' fees, the district court denied Chapman's motion.

## II.

In this court, Chapman sought to challenge all the district court's unfavorable rulings. Because his notice of appeal was untimely with regard to the underlying merits judgment, this court determined that its further review would be limited to the denial of the motion to vacate and the attorneys' fee award. *See* Order of Aug. 11, 2009; 28 U.S.C. § 2107(a) (requiring a notice of appeal to be filed within 30 days of entry of judgment).

### A. Denial of motion to vacate the ruling on the merits

We review the district court's denial of Chapman's motion to vacate for an abuse of discretion. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). Such relief is appropriate if "the court has misapprehended . . . the controlling law." *Id.* (quotation omitted). Despite the evident lack of merit in Chapman's allegations, we must address the application of the *Younger* abstention doctrine to his case. *See Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine,

-4-

[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted).

Tenth Circuit cases consistently state that the application of *Younger* is mandatory. *See, e.g.*, *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce,* 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances.") (quotation omitted); *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) ("[A]pplication of the *Younger* doctrine is absolute[,] when a case meets the *Younger* criteria, there is no discretion for the district court to exercise.") (quotation and alteration omitted); *Phelps v. Hamilton*, 59 F.3d 1058, 1063 (10th Cir. 1995) ("Even though *Younger* is an equitable doctrine, its application is mandatory . . . .").[1]

---

[1]     At times, this court has termed the *Younger* doctrine "jurisdictional," without extended explanation. *See Chapman v. Oklahoma*, 472 F.3d 747, 748 (10th Cir. 2006) ("[J]urisdiction is barred by the Younger abstention doctrine."); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (*Younger* abstention is jurisdictional."). *Younger* abstention is "fundamentally" and "essentially a jurisdictional doctrine" in the sense that "[d]istrict courts applying *Younger* must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met. . . ."

(continued...)

Because this court may consider "*Younger* abstention for the first time on appeal," *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006), we review the appellate record in light of the three *Younger* considerations. The state custody matter was ongoing at the time Chapman filed this action, thus satisfying the first *Younger* condition. As for the second condition, it is a plaintiff's burden to establish that state law prevents him from presenting his federal claims in state proceedings. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). The record provides no indication that Chapman was prevented from presenting his claims in state court. Finally, custody issues are traditional state-law matters that implicate important state interests, fulfilling the third condition. *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that the comity considerations of the *Younger* doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy").

We thus conclude that all three *Younger* conditions are present in this case and have been present since its inception. Moreover, our review of the parties' briefs and the record on appeal persuades us that there are no extraordinary circumstances that would render *Younger* abstention inappropriate.

---

[1](...continued)
*Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) (quotation omitted). *Younger* "neither provides a basis for nor destroys federal jurisdiction, [but] it does determine when the federal courts must refrain from exercising jurisdiction." *Id.* (quotation omitted).

Insofar as Chapman's motion to vacate challenged the district court's merits ruling, we conclude that the district court was compelled to abstain from exercising its jurisdiction over Chapman's claims for injunctive or declaratory relief and those claims should have been dismissed without prejudice. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1232 (10th Cir. 2004). As for his damages claims, "[t]he rationale for *Younger* abstention can be satisfied . . . by just staying proceedings . . . until the state proceeding is final." *Id*. at 1228. We therefore remand with instructions for the district court to stay proceedings on Chapman's damage claims and dismiss without prejudice his remaining claims. *See id.* at 1232.

**B. Grant of Attorneys' Fees and Denial of Motion to Vacate Award**

Chapman also appeals the district court's award of attorneys' fees, which was based on the frivolous nature of his complaint. We review the district court's decision to award attorneys' fees for an abuse of discretion, but review de novo its application of the legal principles underlying that decision. *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc*., 223 F.3d 1143, 1146 (10th Cir. 2000).

"[A] prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore, Okla*., 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations and citations omitted). In instances of *Younger* abstention,

-7-

however, a dismissal "makes no comment on the merits of the case, and does not materially alter the legal relationship between the parties." *Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006) (alteration and quotation omitted). *See also Okun v. Comm'r*, 26 F.3d 1025, 1027 (10th Cir. 1994) (stating that "in the absence of . . . jurisdiction we do not decide whether the appellant's arguments are frivolous or well taken") (alteration and quotation omitted). The individual defendants are not prevailing parties at this point, and are therefore not entitled to attorneys' fees.

We reverse and remand with instructions to the district court to stay Chapman's claims for damages, dismiss without prejudice his remaining claims, and vacate the award of attorneys' fees. Chapman's "Objection and Motion to Strike Response Brief of Defendant Mark Barcus" is denied.

Entered for the Court

Michael R. Murphy
Circuit Judge