FILED
United States Court of Appeals
Tenth Circuit

July 21, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND G. CHAPMAN,

        Plaintiff-Appellant,

v.

JODI JOHNSON BAKER; KEVIN
GASSAWAY; ROSEMARIE L.
DAMILAO,

        Defendants-Appellees,

and

MARK BARCUS,

        Defendant.

No. 10-5169
(D.C. No. 4:08-CV-00497-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Raymond G. Chapman appeals from a judgment of the district court awarding attorney's fees in favor of the defendants pursuant to 42 U.S.C. § 1988. We affirm.

This is Mr. Chapman's second appeal in this case. He filed his previous appeal after the district court dismissed his suit and awarded attorney's fees to the defendants. In our prior decision, we summarized the allegations of his complaint as follows:

> Mr. Chapman's lawsuit originated in an ongoing state-court paternity and custody matter. His theory of the case was that a state judge, the child's mother, and two attorneys representing the mother conspired to deprive him of custody, thus infringing upon his child's and his own civil and constitutional rights. He alleged violations of numerous constitutional provisions and federal statutes, citing the First, Fourth, Fifth, Sixth, Eighth, Fourteenth, and Nineteenth Amendments to the United States Constitution, 18 U.S.C. §§ 241, 242, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000b, 2000b-2. He also made various state-law claims, including negligence, fraud, defamation, intentional infliction of emotional distress, and violations of the Oklahoma Rules of Professional Conduct.

*Chapman v. Barcus*, 372 F. App'x 899, 900 (10th Cir. 2010) (*Chapman I*).

In *Chapman I*, we determined that instead of dismissing, the district court should have abstained from deciding the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), until the state court had concluded its paternity/custody proceedings. We therefore reversed the district court's order dismissing the case and remanded for further proceedings. *Chapman I*, 372 F. App'x at 903.

On remand, the district court vacated the judgment of dismissal and the attorney fee award and dismissed without prejudice all of Mr. Chapman's claims other than his federal damage claims. After the state court proceedings concluded, the district court reinstated the portion of its earlier decision dismissing the federal damage claims. The defendants then refiled their motions for attorney's fees. A magistrate judge recommended that the motions be granted. The district court considered Mr. Chapman's objections to this recommendation and awarded defendants Jodi Johnson Baker and Kevin Gassaway fees in the amount of $4,567.75, and defendant Rosemarie L. Damilao $1,260.

In civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Fees may be awarded under § 1988(b) against a civil rights plaintiff if his suit was "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983) (*citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). We review the district court's decision to award attorney's fees for an abuse of discretion, considering de novo its application of the legal principles underlying that decision and its factual findings for clear error. *Browder v. City of Moab*, 427 F.3d 717, 719 (10th Cir. 2005).

Mr. Chapman raises several issues for our consideration, asking whether: (1) the magistrate judge improperly assisted the defendants' attorneys in

developing the record; (2) the case concerned a family or domestic matter rather than civil rights claims, and was therefore inappropriate for a fee award under § 1988; (3) the magistrate judge improperly relied on "mere billing statements and affidavits" in determining the fee, Aplt. Opening Br. at i; (4) the magistrate judge should have required the defendants to present expert testimony concerning the reasonableness of their fees and/or the rate typically charged for the services they provided; and (5) the district court "abused its discretion by not requiring the Defendants to elicit and to produce testimony from any damaged party and/or additionally by not requiring [defendants] to produce any type of tangible evidence, expert or lay witness testimony, any contracts, insurance policies, or other real evidence or testimony," *id.* at ii. Having considered these issues and having reviewed the briefs, the record, and the applicable law in light of the applicable standard of review, we AFFIRM the judgment of the district court for substantially the reasons stated in the district court's Opinion and Order of December 15, 2010, and in the magistrate judge's Report and Recommendation of October 29, 2010.

The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-4-