FILED
United States Court of Appeals
Tenth Circuit

May 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MISTY LEA STRICKER-CAMPOS,

     Plaintiff-Appellant,

v.

LARAMIE COUNTY DISTRICT
COURT,

     Defendant-Appellee.

No. 13-8021

(D.C. No. 2:12-CV-00251-SWS)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

---

     Misty Stricker-Campos, a Wyoming state prisoner appearing pro se,[1]

requests a certificate of appealability (COA) to challenge the district court's

dismissal of her 28 U.S.C. § 2241 petition.[2] Stricker-Campos also requests to

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

    [1] Because Stricker-Campos is proceeding pro se, we construe her filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

    [2] Stricker-Campos filed a notice of appeal rather than a request for a COA. However, "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Fed. R. App. P. 22(b)(2); see Slack v. McDaniel, 529 U.S. 473, 483 (2000) ("[T]he Court of Appeals should have treated the notice of appeal as an application for a COA.").

proceed in forma pauperis (IFP).  We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and deny her request for a COA.

I

After losing custody of her child, Stricker-Campos filed two petitions for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Wyoming.  In her petitions, Stricker-Campos asserted that Wyoming state officials violated her constitutional rights by wrongfully removing her daughter from her custody without proper service of process or sufficient evidence of neglect or abuse.  Stricker-Campos also claims that state officials are currently seeking to permanently deprive her of her parental rights in violation of her constitutional rights.  Aplt. Br., at 3-4; R. Vol. 1, at 21-22.  On November 9, 2012, the district court dismissed without prejudice Stricker-Campos's first habeas petition pursuant to § 2241 after determining that she was not in custody, had not exhausted her state court remedies, and that it should abstain from interfering with the ongoing child-custody proceedings under Younger v. Harris, 401 U.S. 37 (1971).  R. Vol. 1, at 6-8.

On January 1, 2013, Stricker-Campos filed another § 2241 petition, which again asserted constitutional violations arising from her state child-custody proceedings.  At the time she filed her second habeas petition, however, Stricker-Campos was in custody in a state facility in Laramie County, Wyoming, for a new criminal charge of "interference with custody" involving her child-custody case.

2

Id. at 34. After finding no applicable exception to the Younger doctrine under the circumstances, the court concluded abstention was warranted and denied Stricker-Campos's petition. The district court also cited Stricker-Campos's failure to exhaust her state court remedies. Id. at 47-48.

## II

Before a state prisoner may appeal a district court's denial of a habeas petition under 28 U.S.C. § 2241, that petitioner must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). This court may grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When determining whether to grant a COA, we do not decide the merits of the constitutional violation alleged. Rather, we determine whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 483-84 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Further, when the district court denies a habeas petition on procedural grounds, we grant a COA only when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

3

of reason would find it debatable whether the district court was correct in its procedural ruling. Id. at 484.

As the district court noted, even if we construe Stricker-Campos's claims as properly raised under 28 U.S.C. § 2241, federal courts should generally abstain from interfering with ongoing state proceedings out of "respect [for] state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). In practice, Younger abstention is warranted when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests. Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997).

Presently, there are ongoing state-custody proceedings and a criminal proceeding for Stricker-Campos's interference-with-custody charge that afford an adequate forum for Stricker-Campos's constitutional challenges. See Aplt. Br., at 2, 4. Additionally, we have long recognized that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Chapman v. Oklahoma, 472 F.3d 747, 749-50 (10th Cir. 2006) (alteration and quotation omitted) (holding that challenge to state proceeding was barred by Younger); see also Morrow v. Winslow, 94 F.3d 1386, 1397 (10th Cir. 1996) ("The state, although not a party, obviously has an interest in the orderly conduct of the proceedings in its courts in

4

a manner which protects the interests of the child and the family relationship.").

Reasonable jurists could not debate that the three requirements of <u>Younger</u> are met here.

III

After reviewing Stricker-Campos's briefing, and the record on appeal, we conclude that reasonable jurists would agree that the district court was correct in its procedural ruling. Accordingly, we deny the request for a COA and dismiss this matter. We deny her request to proceed IFP.

Entered for the Court

Mary Beck Briscoe
Chief Judge