FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL D. LEATHERWOOD,

      Plaintiff-Appellant,

v.

JOHN WHETSEL, Sheriff; DAVID
PRATER, District Attorney; GAYLAND
GIEGER, Assistant DA; DANA
BASEHORE, Employee OCDC; JASON
BASS, Employee OK Co Sheriff;
DENISE WELKER, Employee DOC,

      Defendants-Appellees.

No. 13-6073
(D.C. No. 5:12-CV-00251-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

---

Michael D. Leatherwood, an Oklahoma prisoner proceeding pro se, appeals the

district court's order dismissing without prejudice his complaint brought under

42 U.S.C. § 1983. He claimed that his constitutional rights were violated when jail

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officials opened his non-legal, non-privileged mail and delivered it to the office of the Oklahoma County District Attorney. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.    BACKGROUND

In 2009, Mr. Leatherwood entered guilty pleas to six counts of rape. He was sentenced to 20 years on each count to run concurrently. All but the first 90 days were suspended. As a condition of his probation, he could not "date, socialize, or enter into a romantic or sexual relationship with any person who has children under the age of eighteen (18) years." R. Vol. 1 at 114.

In January 2010, the suspended sentences were partially revoked and Mr. Leatherwood was ordered to serve five years on each sentence, while the remaining 15 years continued to be suspended. At that point, Mr. Leatherwood was incarcerated at the Oklahoma County Detention Center awaiting transfer to the Oklahoma Department of Corrections. He claims that jail officials improperly seized and copied his personal mail and delivered the copies to defendant Geiger, an assistant district attorney. He maintains that while he was incarcerated at the detention center, the conditions of his release were not applicable. Therefore, he argues, defendants were not authorized to monitor his mail to determine if he was complying with the conditions of his probation, in particular, the prohibition against socializing with anyone who had children under 18 years of age. But based on his correspondence from the detention center with a woman who had children under the

- 2 -

age of 18, in August 2010, the remainder of Mr. Leatherwood's suspended sentences was revoked.

Mr. Leatherwood appealed the revocation to the Oklahoma Court of Criminal Appeals, which affirmed on January 13, 2012. Next, Mr. Underwood filed a post-conviction motion in state court. While that action was pending, he filed the underlying federal case asserting violations of his rights under the First, Fourth, and Fourteenth Amendments. Then he filed a second state post-conviction motion. The state district court denied both post-conviction motions on June 18, 2012. Mr. Leatherwood's appeal from the denial of his post-conviction motions was pending at the time the district court dismissed the federal complaint.

In dismissing the complaint, the federal district court adopted the recommendation of a magistrate judge to abstain from hearing Mr. Leatherwood's claims pursuant to the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), because state-court proceedings were pending. In an alternative ruling, the court held that Mr. Leatherwood's constitutional claims brought under § 1983 must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (prohibiting an individual from recovering damages in a § 1983 action for an allegedly unlawful confinement where there has not been a favorable termination of the criminal action on appeal or in a collateral action). Accordingly, the district court dismissed the complaint without prejudice and Mr. Leatherwood appeals. We

conclude that the district court properly abstained under *Younger*, so we need not review the court's alternative ruling under *Heck*.

## II.    DISCUSSION

"We review de novo the district court's abstention decision."  *Walck v. Edmondson*, 472 F.3d 1227, 1232 (10th Cir. 2007).  Mr. Leatherwood is proceeding pro se, so we liberally construe his pleadings.  *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

Absent extraordinary circumstances, abstention is mandatory if the following three circumstances are present:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (internal quotation marks omitted).  Mr. Leatherwood concedes the first factor and makes no appellate argument concerning the third.  He contends that the second factor is not met because he did not, and now cannot, bring in state court his constitutional claims relating to his mail.[1]

---

[1]    Mr. Leatherwood does not claim that unusual circumstances render the abstention doctrine inapplicable.  *Cf. Walck*, 472 F.3d at 1233-34 (stating risk of irreparable injury by "a threatened state prosecution in violation of the Double Jeopardy Clause" warranted federal intervention).

Mr. Leatherwood asserts that because he did not include his federal claims concerning his mail in the state court appeals or post-conviction motions, and because those claims would now be deemed waived, the state court does not provide an adequate forum. But Mr. Leatherwood does not argue that he was foreclosed from including his claims about his mail in his initial filings to the state courts.

Generally, a plaintiff has an adequate opportunity to raise federal claims in state court "unless state law clearly bars the interposition of the [federal statutory and] constitutional claims." *Moore v. Sims,* 442 U.S. 415, 425-26 (1979). Mr. Leatherwood did not even attempt to raise his federal constitutional claims presented here in the state proceedings. Abstention contemplates that a litigant should first seek relief in the state courts, "unless it plainly appears that this course would not afford adequate protection." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) (internal quotation marks omitted). Moreover, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Mr. Leatherwood has not explained why he could not have presented his constitutional claims about his mail at his August 2010 revocation hearing or in his post-conviction motion based on the August 2010 revocation. Thus, he has failed to meet his burden "to show that state procedural law barred presentation of [his] claims." *Id.* at 14. Accordingly, we

conclude that the district court correctly abstained under *Younger* from hearing Mr. Leatherwood's claims.

III.    CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Chief Judge