**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FRANK R. MONTERO,

      Plaintiff - Appellant,

v.

TULSA AIRPORT
IMPROVEMENTS TRUST,

      Defendant - Appellee.

No. 18-5011
D.C. No. 4:17-CV-00622-TCK-JFJ
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

_____

In this case, a pro se plaintiff sued in state court and then purported to transfer or remove the case to federal court. The federal district court dismissed the action based on the *Rooker-Feldman* doctrine. Though this doctrine doesn't apply, a plaintiff can't transfer or remove a case to federal

_____

[*]    Oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided the appeal based on the briefs and record on appeal.

   This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

court after suing in state court. We thus vacate the dismissal and remand with directions to remand the case to state district court.

## 1. Background

Mr. Frank Montero sued the Tulsa Airport Improvements Trust in Oklahoma state district court. The state district court entered judgment for the Trust and awarded attorney's fees to the Trust. Mr. Montero then unsuccessfully moved for post-judgment relief and appealed to the Oklahoma Supreme Court.

While the appeal was pending in the Oklahoma Supreme Court, Mr. Montero began this action in federal district court by moving to transfer venue. In the motion, Mr. Montero

- referred to the state case and

- purported to either transfer the state case to federal district court (under 28 U.S.C. § 1404(a)) or remove the state case to federal district court (under 28 U.S.C. § 1441).

The federal district court dismissed the action *sua sponte* under the *Rooker-Feldman* doctrine, which would preclude subject-matter jurisdiction.[1] The plaintiff appeals the dismissal.[2]

---

[1]     The Trust also moved to strike Mr. Montero's filings and to dismiss the case for lack of subject-matter jurisdiction. The district court did not rule on these motions.

[2]     Mr. Montero also filed a motion to alter the dismissal. The district court denied this motion, but Mr. Montero did not file a notice of appeal with respect to that ruling.

**2.      The District Court's Reliance on the *Rooker-Feldman* Doctrine**

We engage in review de novo of the dismissal for lack of subject-matter jurisdiction. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Exercising de novo review, we conclude that the district court erred in dismissing the action under the *Rooker-Feldman* doctrine. "[F]ederal jurisdiction is not barred by the *Rooker-Feldman* doctrine if suit 'was filed before the end of the state courts' appeal process.'" *Id.* (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1029 (10th Cir. 2006)). Mr. Montero brought this suit before the state-court appeal was decided, so the *Rooker-Feldman* doctrine does not apply.

**3.      Invalidity of Mr. Montero's Transfer or Removal**

But we conclude that the district court lacked jurisdiction because a plaintiff cannot

- transfer a case from state court to federal district court under 28 U.S.C. § 1404(a) or

- remove a case from state court to federal district court under 28 U.S.C. § 1441.[3]

---

[3]      Mr. Montero argues that the defendant was late in moving to dismiss. A motion to dismiss (or remand) for lack of subject-matter jurisdiction can be made at any time. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (noting that a motion to remand for lack of subject-matter jurisdiction may be made "at any time"). But even if the Trust had been late in raising the issue, we would need to decide *sua sponte* whether jurisdiction existed in

Section 1404(a) authorizes a federal district court to transfer a case on its docket to another federal district court; this section does not allow a state court to transfer a case to federal court. *See* 28 U.S.C. § 1404(a); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("Congress enacted 28 U.S.C. § 1404(a) in 1948 'as a federal housekeeping measure, allowing easy change of venue within a unified federal system.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981))).

Section 1441 does permit removal of a case from state court to federal court. But a plaintiff like Mr. Montero cannot remove the case. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al*., Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court).

\* \* \*

---

district court. *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014).

Mr. Montero could not transfer or remove his case from state court to federal court, so the federal court never obtained jurisdiction.[4] The case should thus return to state court. So we vacate the dismissal and remand with directions for the federal district court to remand to the state district court.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[4] After Mr. Montero purported to transfer or remove the suit, he filed a federal petition that included federal claims. But Mr. Montero's right to transfer or remove the case is determined at the time of the purported transfer or removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (noting that the "right to remove" is "to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."). Accordingly, we do not address the issues that Mr. Montero raises in his federal petition.