**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REED KIRK MCDONALD,

    Plaintiff - Appellant,

v.

EAGLE COUNTY, a quasimunicipal
corporation and political subdivision of the
State of Colorado; BELLCO CREDIT
UNION,

    Defendants - Appellees.

No. 19-1101
(D.C. No. 1:18-CV-00105-CMA-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **BACHARACH**, Circuit Judges.
_____

Reed Kirk McDonald appeals from the district court's order granting Eagle

County's and Bellco Credit Union's ("Bellco") motions to dismiss under Fed. R. Civ.

P. 12(b)(1), and awarding them attorney fees incurred in defending against

McDonald's suit.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal and award of fees; however, we remand the case for the court to amend the judgment to reflect a dismissal *without* prejudice.

## I. BACKGROUND

McDonald's federal suit was based on two unrelated Colorado state court cases.

### A. Eagle County Suit

The first suit, filed in 2009 in Eagle County District Court ("Eagle Court"), was an action by McDonald against Zions First National Bank ("Zions"), in which he alleged Zions breached a loan agreement and the duty of good faith and fair dealing when it failed to advance the draws he requested. Zions denied the allegations and counterclaimed for a deficiency judgment. Shortly after the Eagle Court granted summary judgment in favor of Zions on McDonald's claims, Zions voluntarily dismissed its counterclaim without prejudice. Thereafter, the Eagle Court awarded Zions $102,267.75 in attorney fees and costs incurred in defending against McDonald's suit.

When McDonald tried to appeal—including an appeal of Zions's voluntary dismissal of its counterclaim without prejudice—the Colorado Court of Appeals ordered him to obtain certification under Colo. R. Civ. P. 54(b), "because the cross-claims [sic] were dismissed without prejudice, [and therefore] an appealable order has not entered." R., Vol. I at 30. The court noted if it "had found that a final and appealable order had been entered, it would have found that the time for filing an appeal had not started to run because there was no evidence that [McDonald] ever

2

was served a copy of the [Eagle Court's] order." *Id*. at 30-31. McDonald's appeal was dismissed when he failed to obtain certification. Sometime later, as part of its efforts to collect the judgment for attorney fees and costs, Zions obtained a writ of garnishment from the Eagle Court for an account McDonald maintained at Bellco.

## B. Arapahoe County Suit

The second suit, filed by Bellco in county court in Arapahoe County in 2016, was a collection action against McDonald for an unpaid debt of $14,664.09—it had nothing to do with Zions's garnishment of McDonald's Bellco account several years earlier in the Eagle Court litigation. Nonetheless, McDonald filed counterclaims against Bellco and a third-party claim against Eagle County for perceived violations of his due process right by the Eagle Court in the 2009 suit. At the same time, McDonald removed the action to the Arapahoe County district court (the "Arapahoe County litigation"). Eventually, McDonald's counterclaims and third-party claims were dismissed, leaving only Bellco's original collection claim.

## C. Federal Court Suit

Shortly after Bellco filed a motion for summary judgment in the Arapahoe County litigation, McDonald sued Eagle County in federal court. Days later, McDonald attempted to avoid summary judgment by filing a pleading in the federal suit titled "Notice of Removal . . . Complaint and Jury Demand," *id*. at 246, which asserted four claims against Bellco. From that point forward, McDonald maintained—and continues to maintain—there was no state proceeding because the Arapahoe County litigation had been removed to federal court.

3

Next, McDonald filed an amended complaint in the federal suit adding Bellco as a defendant. The amended complaint also alleged four claims against Eagle County, all of which were based on the outcome in the Eagle Court litigation: (1) under 42 U.S.C. § 1983 for violating his Fifth and Fourteenth Amendment rights by "fail[ing] its obligation to obey the Court of Appeals Order [to provide] due process and equal protection" and by "refusing to conclude the [litigation in Eagle Court], *id*. at 314; (2) under § 1983 for violating his Fourth Amendment rights by "knowingly fil[ing] and issu[ing] [a] writ allowing [Zions] to seize Plaintiff's bank accounts to financially prevent [him] from pursuing his civil case," R., Vol. I at 316; (3) under § 1983 for violating "the United States Constitution" by "knowingly and improperly refus[ing] under color of state law to allow Plaintiff to present his case against [Zions]," *id*. at 317; and (4) under 42 U.S.C. § 1985 for conspiring with the clerk of the Eagle Court and Zions to violate his civil rights.

As to Bellco, McDonald realleged the failed defenses and/or counterclaims he raised in the Arapahoe County suit: (1) violation of his Fourteenth Amendment rights by refusing to dismiss its collection suit and "conspir[ing] with [the] state court to prosecute a civil action out-of-time in violation of Colorado's statute of limitations," *id*. at 320; (2) violation of the federal Fair Debt Collection Practices Act; (3) violation of Colorado's Fair Debt Collection Practices Act; and (4) violation of his First Amendment rights to privacy "by trespassing his gated property to illegally search and seize Plaintiff's personal property," *id*. at 324.

4

**D. Disposition of Federal and Arapahoe County Litigation**

Thereafter, the Arapahoe County district court determined McDonald's attempted removal was improper and entered summary judgment in favor of Bellco on its collection claim. McDonald appealed.

While McDonald's appeal was pending, Eagle County and Bellco moved to dismiss the federal suit on several grounds. Relevant to the issues on appeal, the magistrate judge recommended the following: (1) dismissal of the claims against Eagle County for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine[1]; (2) dismissal of the claims against Bellco under the *Younger* abstention doctrine[2] if the state-court proceedings had not concluded, or under *Rooker-Feldman* if the proceedings were completed; and (3) an award of attorney fees to Eagle County and Bellco.

In his objections to the magistrate judge's recommendations, McDonald argued that *Rooker-Feldman* and *Younger* did not apply, and in any event, the dismissal should be without prejudice. On de novo review, the district court affirmed the magistrate judge's recommendation to dismiss the claims with prejudice under *Rooker-Feldman* and *Younger*. The district court reviewed the recommendation to award attorney fees for clear error and affirmed.

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

5

An "update" recently filed by McDonald confirms the Arapahoe County suit is still ongoing. Shortly after the federal district court entered its order in March 2019, the Colorado Court of Appeals decided McDonald's appeal, affirming the state court's judgment. *Bellco Credit Union v. McDonald*, No. 18CA0689, 2019 WL 1873422 (Colo. App. Apr. 25, 2019) (unpublished). When the Colorado Supreme Court denied certiorari review, *McDonald v. Bellco Credit Union*, No. 19SC475, 2019 WL 4643619 (Colo. Sept. 23, 2019) (unpublished), McDonald filed a petition for a writ of certiorari in the United States Supreme Court, which has not been resolved. *McDonald v. Bellco Credit Union*, 2020 WL 290965 (U.S. Jan. 15, 2020) (No. 19-895).

## II. STANDARD OF REVIEW

We review de novo the district court's dismissal under both the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012) (*Rooker-Feldman*); *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (*Younger*).

## III. ANALYSIS

### A. Claims Against Eagle County

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

6

McDonald argues the district court erred by determining his claims against Eagle County are barred by *Rooker-Feldman*. We will not consider McDonald's argument because he has failed to adequately brief the issue; instead, he continues to denounce the actions of the Eagle County District Court, Bellco, the magistrate judge, and the district court. McDonald's failure to adequately brief the issue means that we will not consider the issue on appeal. *See Holmes v. Colo. Coal. For Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (declining to consider arguments on appeal that were inadequately briefed); *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (declining to consider "a few scattered statements" and "perfunctory" arguments that failed to develop an issue).

We affirm the district court's dismissal of McDonald's claims against Eagle County as barred by *Rooker-Feldman*.

**B. Claims Against Bellco**

In contrast with the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine applies when state proceedings have not concluded; it "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted). *Younger* abstention is non-discretionary and must be applied when three conditions exist:

7

(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* (internal quotation marks omitted).

Once again, we will not consider McDonald's argument because he has failed to adequately brief the issue; instead of addressing *Younger*, he excoriates the Eagle County District Court, Bellco, the magistrate judge, and the district court. McDonald's failure to adequately brief the issue means that we will not consider the issue on appeal. *See Holmes*, 762 F.3d at 1199; *Murrell*, 43 F.3d at 1390 n.2.

We affirm the district court's dismissal of McDonald's claims against Bellco under *Younger*.

### C. Attorney Fees

The record shows that McDonald failed to object to the magistrate judge's recommendation to award Eagle County and Bellco their attorney fees incurred in defending against the amended complaint. "We have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (brackets and internal quotation marks omitted). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). There are two exceptions to the rule; however, neither exception applies here. As such, we will not consider the issue on appeal.

8

## IV. CONCLUSION

We affirm the district court's order of dismissal and award of attorney fees and remand only for the district court to amend its judgment to reflect that the dismissal is *without* prejudice. "A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). *See also Chapman v. Oklahoma*, 472 F.3d 747, 750 (10th Cir. 2006) (addressing *Younger*).

Entered for the Court


Timothy M. Tymkovich
Chief Judge