FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BRI'ANNE WILAND,

    Plaintiff - Appellant,

v.

KEVIN STITT; JULIE DOSS; M. JOHN
KANE, IV; WILMA PALMER; TAMMY
BRUCE; ANTHONY MILLER;
CAROLINE WALL; KEVIN GRAY;
STEVE KUNZWEILER; GENTNER
DRUMMOND,

    Defendants - Appellees.

No. 24-5116
(D.C. No. 4:24-CV-00443-GKF-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

Plaintiff Bri'Anne Wiland asserts the State of Oklahoma illegally terminated

her parental rights. She seeks immediate restoration, a ruling that Oklahoma's

constitution forbids taking a parent's children without a jury trial, and declaratory

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

judgment on similar parental-rights issues.  She filed her complaint in the Northern District of Oklahoma, which dismissed it under the domestic-relations exception to federal jurisdiction and abstained from ruling on the Oklahoma-constitutional question under Younger v. Harris, 401 U.S. 37 (1971).

The district court committed no error.  Federal courts lack jurisdiction over domestic-relations matters, such as Plaintiff's request to restore custody of her children.  Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1111 (10th Cir. 2000), as amended on denial of reh'g and reh'g en banc (Oct. 12, 2000) ("We conclude, therefore, that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.") (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).

And Younger certainly counsels abstaining from ruling on Plaintiff's other claims.  In some instances, even if a Federal court has jurisdiction to hear a claim, it may—and even should—abstain from doing so.  Federal courts may abstain from ruling on issues within their jurisdiction if doing so interferes with "(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function."  Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting Graff v. Aberdeen Enterprizes, II, Inc., 65 F.4th 500, 522 (10th Cir. 2023)).  If ruling on the issue might interfere with traditionally state-court functions, courts ask "whether there exists '(1) an ongoing state judicial . . . proceeding, (2) the presence

of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings.'" Id. (quoting Courthouse News Serv. v. N.M. Admin. Off. of Cts., 53 F.4th 1245, 1256 (10th Cir. 2022)). As the district court found, Plaintiff is currently a party to an ongoing Oklahoma-state proceeding seeking to restore her parental rights. [ROA at 19.] Plaintiff neither denies the existence of the proceeding nor that it is ongoing. And ruling on Plaintiff's Oklahoma-constitutional declaratory-judgment questions requires intruding into an important, indeed exclusive, state competency in family law questions. Chapman v. Oklahoma, 472 F.3d 747, 749–50 (10th Cir. 2006) (citing Ankenbrandt, 504 U.S. at 703)). Plaintiff also has not shown that she lacks opportunity to bring her claims in Oklahoma-state court, as most of her appellate brief contains little more than bare citations to law without analysis of how it applies to her own case. The district court correctly abstained from considering Plaintiff's claims.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

3